**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD WEGMANN, II,** | ) | **CASE NO. 3:09CV1935** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **WANZA JACKSON, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Richard Wegmann II's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. Petitioner was indicted by the Allen County, Ohio Grand Jury on one count of Murder with a Firearm Specification in violation of Ohio Rev. Code § 2903.02(A).

1

The case proceeded to trial, and on October 2, 2006, Petitioner was found guilty as charged. Petitioner was sentenced to fifteen years to life imprisonment for Murder and three years imprisonment for the Firearm Specification, to be served prior to the sentence for Murder. Petitioner filed a timely direct appeal. On February 19, 2008, the Court of Appeals overruled Petitioner's assignments of error and affirmed the judgment of the trial court. Petitioner timely appealed the appellate court's decision to the Ohio Supreme Court. On August 6, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.

Petitioner filed the instant Petition on December 16, 2008, asserting the following grounds for relief:

> **Ground One**: Petitioner's convictions and sentences are constitutionally infirm because the trial court precluded the admission of evidence regarding the defense expert's testing.
>
> **Ground Two**: Petitioner's convictions and sentences are constitutionally infirm because the trial court utilized a civil negligence foreseeability instruction in petitioner's criminal murder trial.
>
> **Ground Three**: Petitioner's convictions and sentences are constitutionally infirm because the trial court improperly admitted other act testimony.
>
> **Ground Four:** Petitioner's convictions and sentences are constitutionally infirm because the trial court improperly admitted hearsay statements.
>
> **Ground Five**: Petitioner's convictions and sentences are constitutionally infirm because of the cumulative effect of the errors.

On August 24, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on March 22, 2010, and Petitioner filed his Objections to the Report and

Recommendation on April 5, 2010.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

Respondent asserts that Petitioner has defaulted all his grounds for relief. If the state argues that a petitioner has procedurally defaulted his claims, the court must

3

conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

In Ground One, Petitioner contends his convictions and sentences are constitutionally infirm because the trial court precluded the admission of evidence regarding the defense expert's testing. Respondent asserts that Petitioner defaulted this ground for relief because he failed to present it to the Ohio Supreme Court in a federal constitutional context. A petitioner fairly presents a federal claim to state courts by relying on relevant federal cases employing the constitutional analysis upon which petitioner relies, by relying on state cases employing a federal constitutional analysis in fact situations similar to his own, or by asserting the claim in terms so particular as raising the specific right protected by the Constitution. *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir. 1982)).

4

The Court agrees with the Magistrate Judge that Petitioner's argument in support of his proposition of law in the Ohio Supreme Court regarding the ballistics expert did not cite any federal case law. Rather, Petitioner argued that the failure to admit the expert's testimony violated Ohio Evid. R. 702, and Petitioner cited only Ohio case law in support of the contention that the testimony should have been admitted. The Magistrate Judge's conclusion, that a mere general reference to a broad constitutional guarantee is insufficient to state a claim for relief, is correct. The Court finds Petitioner did not properly raise in the Ohio Supreme Court any alleged violation of a right protected by the United States Constitution, related to the state's refusal to allow the defense expert to testify. Therefore, Petitioner has procedurally defaulted his first ground for relief.

In Ground Two, Petitioner contends his convictions and sentences are constitutionally infirm because the trial court used a civil negligence instruction regarding foreseeability during his criminal trial. Contrary to Respondent's assertion that Petitioner defaulted this claim for relief because he failed to object to the jury instructions contemporaneously at trial, the Magistrate Judge's examination of the transcript of the jury trial reveals that Petitioner's attorney did object to the foreseeability instruction. In the instant Petition, Petitioner contends that the trial court's erroneous use of a civil jury instruction regarding foreseeability was so grave an error as to constitute a denial of due process.

Alleged errors in jury instructions rise to the level of constitutional violations only if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughton*, 414 U.S. 141, 147 (1977); see also *Engle v. Isaac*, 456 U.S. 107 (1982). The Magistrate Judge accurately and thoroughly

5

addressed the impact of the trial court's jury instruction on foreseeablilty. After analyzing the instructions as a whole, the Magistrate Judge correctly determined that Petitioner's claim focused upon the trial court's instructions regarding "causation," which included an instruction regarding forseeability that the Court of Appeals acknowledged was erroneous. However, as the Magistrate Judge points out, at trial, Petitioner admitted that he shot the victim. The only contended issue was whether he did so accidentally or purposely. Thus, the erroneous instruction regarding causation had no practical effect on the jury's verdict.

During the trial, the court, prosecutor, and defense counsel all reminded the jury that they had to find that Petitioner intended to kill the victim before they could find him guilty of murder. Additionally, immediately after instructing the jury regarding murder, the court also gave an instruction for reckless homicide as a lesser charge to be considered if murder were not proved. The Magistrate Judge correctly points out that the jury was presented with two choices with respect to the underlying offense, and chose to believe that Petitioner intended to cause the death of the victim. This Court agrees that the error did not rise to the level of a constitutional violation. Therefore, Petitioner's second ground for relief is dismissed as non-cognizable in federal habeas proceedings.

In Grounds Three, Four and Five, Petitioner contends that his convictions and sentences are constitutionally infirm because the trial court improperly admitted other act testimony, admitted hearsay statements, and because of the cumulative effect of the errors. Respondent argues that Petitioner has defaulted these grounds for relief because he failed to raise them as independent claims in the Ohio Supreme Court.

Petitioner admits that he failed to raise them as individual claims, but he replies that he raised them as part of his third proposition of law.  The Magistrate Judge correctly held that to fairly present a claim to the highest court in the state, an appellant must present that claim as an independent claim, not as an underlying claim to a larger claim.  *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005).

Grounds Three, Four and Five, asserted in this Petition , challenge the merits of whether the evidence was properly admitted and whether Petitioner was prejudiced by the allegedly improper admissions.  The Magistrate Judge determined that in the Ohio Supreme Court, Petitioner's claim was that the Court of Appeals s improperly analyzed harmless error. The Magistrate Judge concluded that  even if the state appellate court erred in its analysis, such an error would not by itself prove that Petitioner  was prejudiced by trial errors. The Court agrees that  Petitioner did not raise the same theoretical or factual bases for his claims in the Ohio Supreme Court that he raises here.

Although Petitioner's only claim that he might  have preserved in the Ohio Supreme Court was his claim that the trial court's cumulative errors deprived him of the right to a fair trial, the Magistrate Judge points out that the United States Supreme Court has never held that cumulative prejudicial error is a ground for habeas relief. *Millender v. Adams*, 376 F.3d 520, 529 (6th Cir. 2004).  Even if this claim had not been procedurally default, it could not be a ground for habeas relief because the trial court's cumulative errors did not run counter to clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d).

In her Report and Recommendation, the Magistrate Judge determined that

7

Petitioner did not fairly present grounds Three, Four, and Five to the Ohio Supreme Court as federal claims. A petitioner does not fairly present a federal claim to a state court merely by making a general reference to a broad constitutional guarantee, such as "due process" or "a fair trial." As the Magistrate Judge correctly concluded, Petitioner's Memorandum in Support of Jurisdiction in the Ohio Supreme Court contained only a general reference to due process and a fair trial rather than any argument or analysis addressing such a claim. Petitioner did not explain how the Court of Appeals decision, or the errors of the trial court, violated his rights to due process or a fair trial. Additionally, his Memorandum did not suggest any analytical framework for examining such an alleged violation. The Court finds that these general references were insufficient to fairly present a federal claim. Therefore, grounds Three, Four and Five are dismissed as procedurally defaulted.

In his Objections to Magistrate Judge's Report and Recommendation, Petitioner merely incorporates the reasons set forth in Petitioner's Traverse to Respondent's Amended Return of Writ for grounds One, Three, Four and Five. For Ground Two, Petitioner states that he disagrees with the Magistrate Judge's conclusion, but again simply refers to the reasons set forth in Petitioner's Traverse. "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers, supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir.

8

1997)).

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard,* 932 F.2d 509.

Petitioner's submission simply recites his objection; but is the equivalent of an utter failure to object.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.  The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation.  Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:4/13/2010

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge